**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074) (*pro hac vice application forthcoming*)
rclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037) (*pro hac vice application forthcoming*)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730) (*pro hac vice application forthcoming*)
bsodaify@clarksonlawfirm.com
Zach Chrzan (SBN 329159) (*pro hac vice application forthcoming*)
zchrzan@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
James C. Shah, Esq. (SBN 260435)
jshah@sfmslaw.com
475 White Horse Pike
Collingswood, NJ 08107
Tel: (856) 858-1770
Fax: (860) 300-7367

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGAN IGLESIA, LARRY FERTEL, NOSSON CHAIM ROSENBERG, SORAYA YD, SUZANNE TATKOW, JAIME MAXWELL, LAUREN DEBELISO, MEREDITH BARTER, and PATRICK FERGUSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NESTLE USA, INC., a Virginia Corporation; and FERRARA CANDY COMPANY, an Illinois Corporation, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT:** <br><br> 1. VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A § 56:8-1, *et. seq.*) <br> 2. BREACH OF EXPRESS WARRANTY (N.J.S.A. § 12A:2-313. *et seq.*) <br> 3. VIOLATION OF NEW YORK DECEPTIVE ACTS AND PRACTICES ACT (G.B.L. § 349, *et seq.*) <br> 4. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF NEW YORK DECEPTIVE ACTS AND PRACTICES ACT (G.B.L. § 350, *et seq.*) <br> 5. VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLORIDA STATUTES §§ 501.201, *et seq.* |

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

6. VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT, COMPILED LAWS § § 445.901, *et seq.*

7. VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, COMPLIED STATUTES CHAPTER 815 §§ 505/1, *et seq.*

8. VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, GENERAL STATUTES § 75-1.1, *et seq.*

9. VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT, BUSINESS AND COMMERCIAL CODE §§ 17.41, *et seq.*

10. UNJUST ENRICHMENT

11. COMMON LAW FRAUD

12. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

13. INTENTIONAL MISREPRESENTATION

14. NEGLIGENT MISREPRESENTATION

**DEMAND FOR JURY TRIAL**

Plaintiffs Regan Iglesia, Larry Fertel, Nosson Chaim Rosenberg, Soraya Yd, Suzanne Tatkow, Jaime Maxwell, Lauren Debeliso, Maeredith Barter, and Patrick Ferguson, (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Complaint against Nestle USA, Inc. ("Nestle") and Ferrara Candy Company ("Ferrara") (collectively, "Defendants") in connection with the false, deceptive, unfair, unlawful, and fraudulent advertising and labeling of opaque theater box candy products Raisinets®, Butterfinger Bites®, Gobstopper®, Tollhouse®, Nerds®, Buncha Crunch®, Runts®, Sno Caps®, Spree®, and Sweetarts® (the "Products"). Plaintiffs allege upon their personal knowledge, acts, and experiences, and as to all other matters, upon information and belief, including investigation conducted by their attorneys and their retained experts:

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## **INTRODUCTION**

1.      Defendants manufacture the most popular theater box candy products in the world. To increase profits at the expense of consumers and fair competition, Nestle pioneered a scheme to deceptively sell candy in oversized, opaque boxes that do not reasonably inform consumers that they are half empty. Defendants' "slack-fill" scam dupes unsuspecting consumers across America to pay for empty space at ***Figure 1.***



premium prices. Defendants failed to comply with consumer protection and packaging statutes designed to prevent this scam, and rely on their name and goodwill to further this scam even in the face of other lawsuits against them in other

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1   states, including a certified class action in California for the same violations. While

2   other similar lawsuits against Defendants' competitors have all but curbed this

3   unfair business practice, Defendants remain the last hold-out, ignoring this industry

4   trend towards transparency in the hopes of obtaining an unfair competitive

5   advantage in the marketplace. This class action aims to remedy Defendants' unfair

6   business practice by forcing them to follow the industry trend toward greater

7   transparency and eliminating consumer deception. Figure 1 (above) and Figures

8   2-10 (below) are true and correct representations of Defendants' Products

9   illustrating their uniformly deceptive, unfair, and unlawful business practice.

10  ***Figure 2.***

 

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1

***Figure 3.***

2

 

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

*Figure 4.*




///

///

///

///

///

///

///

COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

*__Figure 5.__*

 

///
///
///
///
///
///
///
///
///

7

COMPLAINT

*Figure 6.*

 

///

///

///

///

///

///

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

*Figure 7.*

 

///
///
///
///
///
///
///
///
///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1

2

***Figure 8.***

 

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

///

///

///

///

///

///

1

### *Figure 9.*

2

3

4

5

6

7

8

9

10

11

 

12

13

14

15

16

17

18

19

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

*Figure 10.*




///
///
///
///
///
///
///
///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

2.      Defendants market the Products in a systematically misleading manner by representing them as adequately filled when, in fact, they contain an unlawful amount of empty space or "slack-fill." Defendants underfill the Products for no lawful reason. The only purpose of this practice is to save money (by not filling the boxes) in order to deceive consumers into purchasing Defendants' products over their competitors' products.  Defendants' slack-fill scheme not only harms consumers, but it also harms their competitors who have implemented labeling changes designed to alert consumers to the true amount of product in each box. Accordingly, Nestle has violated the New Jersey Consumer Fraud Act ("CFA"), Section 56:8-1, *et seq.*; New Jersey Administrative Code Section 13:45A-9.1, *et seq.*; New York General Business Law Section 349, *et seq.*; New York General Business Law Section 350, *et seq.*; Florida Statutes Section 501.201, *et seq.*; Michigan Compiled Laws Section 445.901, *et seq.*; Illinois Compiled Statutes Chapter 815, Section 505/1, *et seq.*; North Carolina General Statutes Section 75-1.1, *et seq.*; Texas Business and Commercial Code Section 17.41, *et seq.*; were unjustly enriched; have committed common law fraud; and have breached the implied warranty of merchantability.

3.      Plaintiffs and the Class Members have accordingly suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, and restitutionary damages.

## **INDUSTRY TREND**

4.      Defendants' major competitors no longer package their candy products unfairly or unlawfully.

5.      Tootsie Roll Industries, Inc. modified its labeling of Junior Mints® and Sugar Babies® to dispel consumer confusion.

6.      Taste of Nature, Inc. modified its labeling of Cookie Dough Bites®, Chocolate Chip Cookie Dough Bites®, Fudge Brownie Cookie Dough Bites®,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Santa's Village Chocolate Chip Cookie Dough Bites®, Cookies N' Cream Cookie Dough Bites®, Cinnamon Bun Bites®, Red Velvet Cupcake Bites®, Moon Pie Bites®, Strawberry Dream Bites®, Birthday Cake Cookie Dough Bites®, Peanut Butter Cookie Dough Bites®, Muddy Bears®, Shari Candies Cherry Sour Balls®, Despicable Me 2 Sour Gummies®, Sqwigglies®, and Hello Kitty Treats®.

7.     Just Born, Inc. modified its labeling of Hot Tamales® and Mike and Ike®.

8.     Even Defendant Nestle's own parent organization, Defendant Ferrara Candy Company, made labeling changes to Jujyfruits®, Jujubes®, Now & Later®, Lemonhead®, Applehead®, Cherryhead®, Grapehead®, RedHots®, Trolli®, Chuckles®, Black Forest®, Jawbuster®, Jawbreaker®, Brach's®, Boston Baked Beans®, Super Bubble®, Rainblo®, and Atomic Fireball.

9.     Rather than following the industry trend and ceasing its unfair business practice, Defendants continue to prioritize its own bottom line over consumer protection and deceive consumers as to the amount of candy contained in the Products.

## SLACK-FILL LITIGATION

10.     Several state and federal courts have found that cases involving nearly identical claims are meritorious. *See Iglesias v. Ferrara Candy Co.*, Case No. 3:17-cv-00849-VC (N.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Jujyfruits® and Lemonhead® candy box claims denied); *Tsuchiyama v. Taste of Nature, Inc.*, Case No. BC651252 (L.A.S.C.) (defendant's motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box claims denied); *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied); *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims denied.

1

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## PARTIES

11.     Plaintiff Regan Iglesia is an individual residing in New Jersey. Plaintiff Iglesia purchased the Products in New Jersey within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Iglesia purchased Raisinets sometime in 2018 at Albertsons in New Jersey. In making his purchase, Plaintiff relied upon the opaque packaging, including the size of the box and product label, which was prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Iglesia to purchase the Product. Plaintiff understood the size of the box and product label to indicate the amount of candy contained therein was commensurate with the size of the box, and he would not have purchased the Product, or would not have paid a price premium for the Product, had he known that the size of the box and product label were false and misleading.

12.     Plaintiff Larry Fertel is an individual residing in New York. Plaintiff Fertel purchased the Products in New York within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Fertel purchased Bunch Crunch®, Raisinets®, Nerds®, and Butterfinger Bites® at Wegmans, Tops, and Walmart stores in New York in 2017-2018. In making his purchases, Plaintiff Fertel relied upon the opaque packaging, including the size of the box and product label, which was prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Fertel to purchase the Products. Plaintiff understood the size of the box and the product label to indicate the amount of candy contained therein was commensurate with the size of the box, and he would not have purchased the Products, or would not have paid a price premium for the Products, had he known that the size of the box and product label were false and misleading.

13.     Plaintiff Nosson Chaim Rosenberg is an individual residing in New York. Plaintiff Rosenberg purchased the Products in New York within the last four

(4) years of the filing of this Complaint. Specifically, Plaintiff Rosenberg purchased Raisinets in 2018 at Albertsons in New York. In making his purchase, Plaintiff Rosenberg relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Rosenberg to purchase the Products. Plaintiff understood the size of the box and the product label to indicate the amount of candy contained therein was commensurate with the size of the box, and he would not have purchased the Product, or would not have paid a price premium for the Product, had he known that the size of the box and product label were false and misleading.

14. Plaintiff Soraya Yd is an individual residing in New York. Plaintiff Yd purchased the Product in New York within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Yd made purchased Raisinets in late 2017 at Albertsons in New York. In making her purchase, Plaintiff Yd relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Yd to purchase the Product. Plaintiff Yd understood the size of the box and product label to indicate the amount of candy contained therein was commensurate with the size of the box, and she would not have purchased the Product, or would not have paid a price premium for the Product, had she known that the size of the box and product label were false and misleading.

15. Plaintiff Suzanne Tatkow is an individual residing in Florida. Plaintiff Tatkow purchased the Product in Florida within the last four (4) years of the filing of this Complaint. Specifically, Plainitff Tatkow purchased Butterfinger Bites at the Cinemark Boynton Beach 14 in Boynton Beach, Florida in or around 2018. In making her purchase, Plaintiff Tatkow relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Tatkow to purchase the Products. Plaintiff understood the size of the box and product label to indicate the amount of candy contained therein was commensurate with the size of the box, and she would not have purchased the Product, or would have paid a price premium for the Product, had she known that the size of the box and product label were false and misleading.

16.     Plaintiff Jaime Maxwell is an individual residing in Michigan. Plaintiff Maxwell purchased the Products in Michigan within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Maxwell purchased Runts®, Gobstopper®, and Spree® in or around 2018 at a Walmart in Commerce, Michigan. In making her purchase, Plaintiff Maxwell relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Maxwell to purchase the Products. Plaintiff Maxwell understood the size of the box to indicate the amount of candy contained therein to be commensurate with the size of the box, and she would not have purchased the Products, or would have paid a price premium for the Products, had she known that the size of the box and product label were false and misleading.

17.     Plaintiff Lauren Debeliso is an individual residing in Illinois. Plaintiff Debeliso purchased the Product in Illinois within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Debeliso purchased Sweetarts® in or around 2018 at Target in Chicago, Illinois. In making her purchase, Plaintiff Debeliso relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Debeliso to purchase the Products. Plaintiff Debeliso

understood the size of the box and the product label to indicate an amount of candy commensurate with the size of the box, and she would not have purchased the Products, or would not have paid a price premium for the Products, had she known that the size of the box and product label were false and misleading.

18.     Plaintiff Meredith Barter is an individual residing in North Carolina. Plaintiff Barter purchased the Product in North Carolina within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Barter purchased Sno Caps® and Tollhouse® in or around 2018 at Walmart in Charlotte, North Carolina. In making her purchases, Plaintiff Barter relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Barter to purchase the Products. Plaintiff Barter understood the size of the box and product label to indicate an amount of candy contained therein to be commensurate with the size of the box, and she would not have purchased the Products, or would have paid a price premium for the Products, had she known that the size of the box and product label were false and misleading.

19.     Plaintiff Patrick Ferguson is an individual residing in Texas. Plaintiff Ferguson purchased the Products in Texas within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff Ferguson purchased Sweetarts® and Nerds® from Walmart in Austin, Texas in or around 2019. In making his purchases, Plaintiff Ferguson relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by Defendants and their agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff Ferguson to purchase the Products. Plaintiff Ferguson understood the size of the box and product label to indicate an amount of candy commensurate with the size of the box, and he would not have purchased the

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Products, or would have paid a price premium for the Products, had he known that the size of the box and product label were false and misleading.

20.     If the Product packaging and label were not misleading, then Plaintiffs would purchase the Products in the future.

21.     The front of the Products' packaging does not include any information that would reasonably apprise Plaintiffs of the quantity of candy relative to the size of the box, such as a fill line, actual size depiction accompanied by the words "actual size" and numerical piece count.

22.     Nestle USA, Inc. is a corporation headquartered in Delaware. Nestle maintains its principal place of business at 1812 North Moore Street, Arlington, VA 22209. Nestle, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of New Jersey. Nestle is the owner, manufacturer, distributor, advertiser, and seller of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

23.     Ferrara Candy Company is a corporation headquartered in Illinois. Ferrara maintains its principal place of business at 404 W. Harrison Street, Suite 650, Chicago, IL 60607. Ferrara, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of New Jersey. Ferrara is the owner, manufacturer, distributor, advertiser, and seller of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products.

24.     Plaintiffs are informed and believe, and based thereon allege that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the other Defendant and was acting in such capacity in doing the things herein complained of and alleged.

25. In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendants participated in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

26. Defendants, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that their advertising of the Products' boxes, specifically by representing that they were full, were false, deceptive, and misleading. Defendants affirmatively misrepresented the amount of candy product contained in the Products' boxes in order to convince the public and the Products' consumers users to purchase the Products, resulting in profits of tens of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

27. Defendants have created and still perpetuate a falsehood that their candy boxes contain an amount of candy commensurate with the size of the box, though they actually contain nonfunctional, unlawful slack-fill. As a result, Defendants' consistent and uniform advertising claims about the Products are false, misleading, and/or likely to deceive in violation of New Jersey and federal advertising laws.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

29.      Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff Regan Iglesia is a citizen of New Jersey who resides in Atlantic County, New Jersey; Defendants made the challenged false representations to Plaintiff Iglesia in this District; Plaintiff Iglesia purchased the Products in this District; and Plaintiff Iglesia consumed the Products within this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations which had a substantial effect in this District, including but not limited to, label, packaging, Internet, and infomercial advertisements, among other advertising.

30.      Defendants are subject to personal jurisdiction in New Jersey based upon sufficient minimum contacts which exist between Defendants and New Jersey. Defendants are authorized to do and are doing business in New Jersey.

## FACTUAL BACKGROUND

31.      The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase,[1] which decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased.[2]

32.      Accordingly, Defendants chose a certain size box for its Products to convey to consumers that they are receiving a certain and substantial amount of candy commensurate with the size of the box. Such representations constitute an express warranty regarding the Products' contents.

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-window./.

[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

33.     Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

34.     Defendants falsely represent the quantity of candy in each of the Products' opaque boxes through its packaging. The size of each box leads the reasonable consumer to believe he or she is purchasing a box full of candy product when, in reality, what he or she actually receives is about one-third to one-half less than what is represented by the size of the box. Plaintiffs' packaging expert will opine that the Products contain a high degree of nonfunctional slack-fill.

35.     Even if Plaintiffs and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of candy product meaningfully different from their expectation of a quantity of candy product commensurate with the size of the box.

36.     Plaintiffs retained two economics experts. These experts conducted a randomized conjoint experiment, which confirmed that nearly 90% of candy consumers overestimate the amount of candy contained in the Products. This is true even for repeat purchasers of the Products. This survey also shows that size of the Products' packaging has a significant impact on a consumer's choice to purchase the Products.

37.     Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a reasonable consumer were to "shake" the Products before opening the box, the reasonable consumer would not be able to discern the presence of any nonfunctional

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

slack fill, let alone the one-third to one-half nonfunctional slack-fill that is present in the Products.

38.     The other information that Defendants provide about the quantity of candy product on the front and back labels of the Products does not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of the box itself. For instance, the front of the Products' packaging does not have any labels that would provide Plaintiffs with any meaningful insight as to the amount of candy to be expected, such as a fill line, actual size depiction accompanied by the words "actual size," and a numerical piece.

39.     Disclosures of net weight and serving sizes in ounces or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of candy contained in the Products' boxes that would be different from the reasonable consumer's expectation that the quantity of candy product is commensurate with the size of the box. Plaintiffs' randomized conjoint survey confirmed the net weight disclosures on the Products do not give consumers an accurate expectation regarding product fill level.

40.     The net weight and serving size disclosures do not allow Plaintiffs to make – and Plaintiffs did not make – any meaningful conclusions about the quantity of candy product contained in the Products' boxes that were different than Plaintiffs' expectations that the quantity of candy product would be commensurate with the size of the box.

41.     Moreover, the top of the Products' boxes clearly indicate that they will open outward when unsealed. This specific design leads the reasonable consumer to believe that the package does not require any empty space to account for the opening of the box, such as with a perforated tab whose intended use might be to dispense the candy product. True and correct images of the top of a representative sample of the Products' boxes appear below.

COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd, Suite 804
Los Angeles, CA 90069

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*__Figure 11.__*







42.    Plaintiffs would not have purchased the Products had they known that the Products contained slack-fill that serves no functional or lawful purpose.

43.    As pictured *supra*, Defendants uniformly under-fill the Products' boxes, rendering about half of each box slack-fill, none of which serves a functional or lawful purpose.

44.    As confirmed during Plaintiffs' investigation, including retention of experts in packaging design, the slack-fill contained in the Products' packaging does not protect the contents of the packages. In fact, the greater the amount of slack-fill, the more room the contents have to bounce around during shipping and handling, making it more likely that the contents will break or sustain damage. Plaintiffs shall proffer expert testimony to establish these facts once this case reaches the merits.

45.    If, on the other hand, the amount of candy product contained in each box was commensurate with the size of the box, as reasonable consumers expect, then

the candy product would have less room to move around during shipping and handling, and would be less likely to sustain damage.

46.     As such, the slack-fill present in the Products' packaging makes the candy product more susceptible to damage, and, in fact, causes the candy product to often sustain damage.

47.     The Products are packaged in boxes and sealed with heated glue. A true and correct representation of the heated glue on the Products' packaging is shown in the image below.

**_Figure 12._**



48.     As confirmed by Plaintiffs' expert in packaging design, the equipment used to seal the box does not breach the inside of the Products' containers during the packaging process. The heated glue is applied to an exterior flap of the box, which is then sealed over the top by a second exterior flap.

49.     As confirmed during Plaintiffs' survey of comparator boxed candy products available in the marketplace, neither the heated glue application nor the sealing equipment requires slack-fill during the manufacturing process. Even if there were no slack-fill present in the Products' boxes, the machines used for enclosing the contents in the package would work without disturbing the packaging process.

50.     As confirmed by Plaintiffs' expert in packaging design, the slack-fill present in the Products' containers is not a result of the candy product settling during shipping and handling. Given the Products' density, shape, and composition,

any settling occurs immediately at the point of filling the box. No additional product settling occurs during subsequent shipping and handling.

51.     The contents of the Products are of a great enough density that any slack-fill present at the point of sale was present at the time of filling the containers and packaging the contents.

52.     As confirmed by Plaintiffs' expert in packaging design, the Products' packaging is not reusable or of any significant value to the Products independent of its function to hold the candy product. The Products' containers are boxes intended to be discarded immediately after the candy is eaten.

53.     As confirmed by Plaintiffs' expert in packaging design, the slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

54.     Defendants can easily increase the quantity of candy product contained in each box (or, alternatively, decrease the size of the containers) by 33-50% more volume.

55.     The "Nutrition Facts" panel on the back of each box states "Servings Per Container about 4."  By arithmetic, each serving would be equal to 100% expected total fill, divided by 4 servings, yielding a value of 25% of volume per serving. Given the Products can accommodate an additional 45% of candy product, consumers are being shortchanged roughly 1.8 servings per box. True and accurate representations of the Products' net weight and serving size disclosures are set forth below.

56.     Contrast Defendants' packaging of the Products with a comparator product, such as "Boston Baked Beans" ("Boston Beans"), a candy product manufactured by Defendant Ferrara itself, and similarly sold at movie theaters and retail outlets located throughout New Jersey and the United States. A true and correct representation of the front of the Boston Beans product is shown in the image below.



57.     Boston Beans are sold in identical packaging to that of the Products, i.e., opaque boxes of identical size, shape, volume, and material. Boston Beans are packaged using nearly identical fill and heated glue enclosing machines to those of the Products.

58.     Boston Beans are coated candies of nearly identical size, shape, and density of that of the Products. However, contrary to the Products, Boston Beans have very little slack-fill and negligible nonfunctional slack-fill. A true and correct representation of the open container of Boston Beans is pictured in the image below.



59.     Boston Beans' packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional to the tune of 33-50%.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd, Suite 804
Los Angeles, CA 90069

60.     Boston Beans' packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is not a requirement of the machines used for enclosing the contents of the Products; is not a result of unavoidable product settling during shipping and handling; is not needed to perform a specific function; and is not part of a legitimate reusable container.

61.     Boston Beans' packaging provides additional evidence that Defendants are able to increase the level of fill inside the Products' boxes.

62.     Boston Beans' packaging provides more evidence that Defendants have reasonable alternative designs available to them in their packaging of the Products.

63.     As confirmed by Plaintiffs' economics experts and large-scale, randomized conjoint consumer study, fill level and box size have a causal impact on consumers' willingness to pay for the Products. These experts were able to calculate the price premia attributable to the slack-fill contained in each one of the Products' packaging. These premia are in the range of 9.5 percent to 19.6 percent for the Retail channel, and 6.4 percent to 13.5 percent for the Movie Theater channel.

64.     Plaintiffs did not expect that the Products would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law as well as New Jersey law.

65.     The Products are made, formed, and filled so as to be misleading. The Products are, therefore, misbranded.

66.     The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

67.     Defendants' false, deceptive, and misleading label statements are unlawful under state and federal consumer protection and packaging laws.

68.     Defendants intended for Plaintiffs and the Class members to be misled.

69.     Defendants' misleading and deceptive practices proximately caused harm to Plaintiffs and the Class.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd, Suite 804
Los Angeles, CA 90069

## **CLASS ACTION ALLEGATIONS**

70.     Plaintiffs bring this action individually and on behalf of a class of all other persons similarly situated. The Class which Plaintiffs seek to represent comprises:

> "All persons who purchased the Product in the United States or, alternatively, in New Jersey, New York, Florida, Michigan, Illinois, North Carolina, and/or Texas, for personal consumption and not for resale during the time period of six years prior to the filing of the complaint through the present."

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

71.     On April 29, 2020, a California State Court certified a class action against these Defendants for the same claims involving the same products under California law. *See Thomas v. Nestle USA, Inc.*, Los Angeles Superior Court Case No. BC 649863 (Apr. 29, 2020).

72.     In *Thomas*, *supra*, these Defendants admitted the following about the Products at issue in the instant case:

a.  "The package for each individual candy Product measures the same length and width as all of the other packages for that individual type of candy Product.  In other words, the length and width of all of the Raisinets boxes are the same."

b.  "The package for each individual candy Product is intended to contain the same net weight of candy as all of the other packages for that individual type of candy Product.  In other words, the net weight of the candy in all of the Raisinets boxes is intended to be the same."

c.  "All of the candy products within a brand (i.e., all Raisinets) are packaged in the same manner.  Accordingly, the existence and/or

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

amount of functional slack-fill (if any) is consistent among all of the packages within a particular brand. Specifically, the basis for asserting that a particular brand of candy Product contains functional slack-fill would be consistent among all packages within a particular brand, i.e., the basis for non-functional slack-fill in the packaging for Raisinets would be the same as to all packages of Raisinets."

73.     On March 25, 2019, the United States District Court for the Central District of California certified a class action against one of Defendants' highly visible competitors involving nearly identical claims and products under Federal Rule of Civil Procedure 23. *See Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal. Mar. 25, 2019).

74.     The Class is so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions throughout New Jersey, New York, Florida, Michigan, Illinois, North Carolina, and Texas. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

75.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

a.   The true nature and amount of product contained in each Products' packaging;

b.   Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

c.   Whether Defendants misrepresented the approval of the FDA, United States Congress, and New Jersey Legislature that the Products'

packaging complied with federal and New Jersey slack-fill regulations and statutes;

d.   Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

e.   Whether Defendants' conduct is a deceptive act within the meaning of New Jersey Statues 56:8-1, *et seq.*;

f.   Whether Defendants' conduct is a false advertising within the meaning of New Jersey Administrative Code Section 13:45A-9.1, *et seq.*;

g.   Whether Defendants' conduct is a deceptive act or practice within the meaning of New York General Business Law Section 349, *et seq.*;

h.   Whether Defendants' conduct is a deceptive act or practice within the meaning of New York General Business Law Section 349, *et seq.*;

i.   Whether Defendants' conduct is an unfair and deceptive act or practice within the meaning of Florida Statutes Section 501.201, *et seq.*;

j.   Whether Defendants' conduct is an unfair and deceptive act within the meaning of Michigan Compiled Laws Section 445.901, *et seq.*;

k.   Whether Defendants' conduct is a deceptive and unfair act or practice within the meaning of Illinois Compiled Statutes Chapter 815 Section 505/1, *et seq.*;

l.   Whether Defendants' conduct is an unfair and deceptive act or practice within the meaning of North Carolina General Statutes Section 75-1.1, *et seq.*;

m.   Whether Defendants' conduct is a false, misleading, and deceptive business practice within the meaning of Texas Business and Commercial Code Section 17.41, *et seq.*;

n.   Whether Plaintiffs and the Class paid more money for the Products than they actually received;

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

o.  How much money Plaintiffs and the Class paid for the Products than they actually received;

p.  Whether Defendants were unjustly enriched at the expense of Plaintiffs and the Class members;

q.  Whether Defendants committed common law fraud; and

r.  Whether Defendants breached an implied warranty to Plaintiffs and Class members.

76.     Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation. Plaintiffs' Counsel prosecuted the largest slack-fill nationwide class action settlement in 2018. Plaintiffs' Counsel also was the first law firm to successfully certify a slack-fill lawsuit involving theater box candy confectioners (twice in 2019 and 2020, respectively).

77.     Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiffs purchased the Products because of the size of the box and the product label, which they believed to be indicative of the amount of candy product contained therein as commensurate with the size of the box. Plaintiffs relied on Defendants' representations and would not have purchased the Products if they had known that the packaging, labeling, and advertising as described herein was false and misleading.

78.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

79.     The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action

device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

80.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

81.     Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## COUNT ONE

### Violation of New Jersey Consumer Fraud Act,

### N.J.S.A. § 56:8-1, *et seq.*

### (By Plaintiff Iglesia against Defendants)

82.     Plaintiff Iglesia repeats and realleges the all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

83.     This cause of action is brought pursuant to New Jersey Statute Annotated Section 56:8-1, *et seq.*, the New Jersey Consumer Fraud Act ("CFA"), on behalf of a Class consisting of "All persons who purchased the Product in the State of New Jersey for personal use and not for resale during the time period of six years prior to the filing of the complaint through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who

received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

84.    The CFA , N.J.S.A. § 56:8-2 deems "…[a]ny unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise … whether or not any person has in fact been misled, deceived or damaged thereby … is declared to be an unlawful practice…"

85.    In violation of the CFA, Defendants have affirmatively misrepresented material facts with the intent that consumers rely upon such concealment and deception in connection with the amount of product that is contained in each Products' packaging.

86.    If a person suffers "any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under" the CFA "may bring an action . . . therefor in any court of competent jurisdiction" for "legal or equitable relief" "sustained by any person in interest," pursuant to N.J.S.A. § 56:8-19.

87.    The practices described herein, specifically Defendants' labeling, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate the CFA by (1) engaging in an unlawful practice using deceptive representations in connection with the Products; (2) resulting in an ascertainable loss to Plaintiff and the Plaintiff's Class; and (3) the unlawful conduct created the ascertainable loss.

88.    Defendants' conduct, as set forth above, constitutes unfair, fraudulent and/or deceptive trade practices prohibited under the CFA.

89.    Defendants fraudulently deceived Plaintiffs and the Class, and intentionally misrepresented and concealed material facts from Plaintiff Iglesia and

the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff Iglesia and the Class and depriving them of their legal rights and money.

90.     Defendants knew or should have known, through the exercise of reasonable care, that the Products were consistently underfilled by one-third to one-half with nonfunctional and unlawful slack-fill.

91.     Defendants' actions as described herein were done with conscious disregard of Plaintiff Iglesia's rights and Defendants were wanton and malicious in its concealment of the same.

92.     Defendants' packaging, labeling, and advertising of the Products were a material factor in Plaintiff Iglesia's and the Class's decisions to purchase the Products, as they indicated the amount of product contained in the Products' packaging would be commensurate with the size of the box. Defendants' packaging and labeling were intended to, and did, induce Plaintiff Iglesia and members of the Class to rely upon Defendants' representations that the Products' packaging would be adequately filled with candy product. These representations were a substantial factor in causing Plaintiff Iglesia and the Class to purchase the Products.

93.     Based on Defendants' advertising of the Products, Plaintiff Iglesia and the Class reasonably believed they would receive boxes that contained a greater amount of candy product.

94.     At the time Plaintiff Iglesia and the Class purchased the Products, they were unaware of the fact that the Products contained significantly less product than indicated by the product packaging, specifically one-third to one-half less.

95.     Had they known that Defendants were making misrepresentations about the Products' quantity, Plaintiff Iglesia and the Class would not have purchased the Products.

96.     Plaintiff Iglesia and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## COUNT TWO

## Breach of Express Warranty,

## N.J.S.A. § 12A:2-313, *et seq.*

### (By Plaintiff Iglesia against Defendants)

97.     Plaintiff Iglesia repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

98.     This cause of action is brought on behalf of a Class consisting of "All persons who purchased the Product in the State of New Jersey for personal use and not for resale during the time six years prior to the filing of this complaint, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

99.     Plaintiff Iglesia and each member of the Nationwide Class formed a contract with Defendants at the time they purchased the Products. The terms of such contract included the promises and affirmations of fact made by Defendants on the Products' packaging, including the amount and quantity of candy product contained therein. This labeling, marketing, and advertising constitute express warranties that became part of the basis of the bargain, and which are part of the standardized contract between Plaintiffs and members of the Nationwide Class and Defendants.

100.     Defendants purport, through their advertising, labeling, marketing, and packaging, to create an express warranty that the Products' packaging contains an expected certain amount of candy product therein.

101.     Plaintiff Iglesia and the Nationwide Class performed all conditions precedent to Defendants' liability under this contract when they purchased the Products.

102.     Defendants breached express warranties about the Products and their quantities, because Defendants' statements about the Products were false and the Products do not conform to Defendants' affirmations and promises, as described

herein. Specifically, the Products' boxes contain one-third to one-half less candy product than consumers expect to receive.

103.    Plaintiff Iglesia and the Class were injured as a direct result of Defendants' breach because (a) they would not have purchased the Products if they had known the true facts; (b) they paid a premium due to the mislabeling of the Products; and (c) the Products did not have the quantity that was promised.

## COUNT THREE

## Violation of New York Deceptive and Unfair Trade Practices Act, N.Y.G.B.L. § 349, *et seq.*

### (By Plaintiffs Fertel, Rosenberg, and Yd against Defendants)

104.    Plaintiffs Fertel, Rosenberg, and Yd repeat and reallege the allegations of the previous paragraphs and incorporate the same as if set forth herein at length.

105.    This cause of action is brought pursuant to New York General Business Law Section 349, *et seq.*, on behalf of Plaintiffs Fertel, Rosenberg, and Yd, and the Class consisting of all persons residing in the United States and/or State of New York who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

106.    New York General Business Law Section 349 provides that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."

107.    Defendants, in their advertising and packaging of the Products, make false and misleading statements regarding the quality and characteristics of the Products, particularly that the Products' packages are filled with candy product when they are not. Such misrepresentations appear on the label and packaging of the Products, which are sold at movie theatres and retail locations nationwide, point-of-purchase displays, as well as Defendants' website and other retailers' advertisements which have adopted Defendants' advertisements.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

108.    Defendants' labeling and packaging of the Products led and continue to lead average consumers, including Plaintiffs Fertel, Rosenberg, and Yd, to believe that the Products' packages contain an amount of candy product commensurate with the size of the box.

109.    Defendants do not have any reasonable basis for the claims about the Products made in Defendants' advertising and on Defendants' packaging or label because the Products' packages are underfilled by one-third to one-half.

110.    Defendants knew that the misrepresentations it made and continues to make about the Products are false and misleading.

111.    The above-described practices employed by Defendants, whereby it advertises, promotes, and markets its Products as being full of candy, are unfair, deceptive, misleading, and are therefore unlawful acts in violation of New York General Business Law Section 349.

112.    The foregoing deceptive acts and practices were directed at consumers.

113.    Pursuant to New York General Business Law Section 349, Plaintiffs Fertel, Rosenberg, and Yd seek injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order enjoining Defendants from continuing to make the representations set forth above that the Products' packages are filled with candy product.

## COUNT FOUR

### False Advertising of the New York Deceptive Acts and Practices Act, New York General Business Law § 350

### (By Plaintiffs Fertel, Rosenberg, and Yd against Defendant)

114.    Plaintiffs Fertel, Rosenberg, and Yd repeat and reallege the allegations set forth above and incorporate the same as if set forth herein at length.

115.    This cause of action is brought pursuant to New York General Business Law Section 350, *et seq.*, on behalf of Plaintiffs Fertel, Rosenberg, and Yd, and the

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Class consisting of all persons residing in the United States and/or State of New York who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

116.   Defendants have been and/or is engaged in the "conduct of . . . business, trade or commerce" within the meaning of New York General Business Law Section 350.

117.   Defendants, in their advertising and packaging of the Products, makes false and misleading statements regarding the quality and characteristics of the Products, particularly that the Products' packages are full of candy product when they are not.  Such misrepresentations appear on the label and packaging of the Products, which are sold at movie theatres and retail locations nationwide and on Defendants' website.

118.   Defendants' claims about the Products lead reasonable consumers to believe that the Products' packages contain an amount of candy product commensurate with the size of the box.

119.   Defendants do not have any reasonable basis for such label and advertising claims.

120.   Defendants knew or should have known that their misrepresentations are false and misleading.

121.   Plaintiffs Fertel, Rosenberg, and Yd would not have purchased the Products but for the representations by Defendants that the Products' packages were adequately full of candy product, i.e., filled commensurate with the size of the box.

122.   Plaintiffs Fertel, Rosenberg, and Yd, and the Class have suffered injury in fact and lost money as a result of and in reasonable and detrimental reliance upon Defendants' false representations.

123.   Defendants' above-described misrepresentations about the Products are material and likely to deceive a reasonable consumer.

124.     Plaintiffs and Class members have suffered an injury, including the loss of money, as a result of Defendants' false and misleading advertising.

125.     Pursuant to New York General Business Law Section 350, Plaintiffs Fertel, Rosenberg, and Yd seek injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order enjoining Defendants from continuing to make the representations set forth above that the Products' packages are adequately filled with candy, i.e., commensurate with the size of the box.

### COUNT FIVE

### Unfair or Deceptive Act or Practice in Violation of the Florida Deceptive and Unfair Trade Practices Act,

### Florida Statutes §§ 501.201, *et seq.*

### (By Plaintiff Tatkow against Defendants)

126.     Plaintiff Tatkow repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

127.     This cause of action is brought pursuant to Florida Statutes Section 501.201, *et seq.*, on behalf of Plaintiff Tatkow and the Class consisting of all persons residing in the United States and/or State of Florida who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

128.     Florida Statutes Section 501.204 provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."

129.     Defendantd, in their advertising and packaging of the Products, makes false and misleading statements regarding the quality and characteristics of the Product, particularly that the packages are full of candy product when they are not. Such misrepresentations appear on the label and packaging of the Products, which are sold at movie theatre and retail locations nationwide, point-of-purchase displays,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

as well as Defendants' website and other retailers' advertisements which have adopted Defendants' advertisements.

130.     Defendants fraudulently deceived Plaintiff Tatkow and the Class by representing that the Products have certain characteristics and ingredients which they do not have. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff Tatkow and the Class, specifically by claiming and advertising that the Products' packages are adequately filled with candy product when, in fact, they contain an unlawful amount of nonfunctional slack-fill. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff Tatkow and the Class, and depriving them of their legal rights and money.

131.     Defendants' packaging and labeling of the Products led and continue to lead reasonable consumers, including Plaintiff Tatkow, to believe that the Products' boxes are full of candy.

132.     Defendants do not have any reasonable basis for the claims about the Products made in Defendants' packaging and labeling because the containers are underfilled by one-third to one-half.

133.     Defendants know that the misrepresentations they made and continue to make about the Products' quantity are false and misleading.

134.     Plaintiff Tatkow and the Class have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendants' false representations.

135.     Plaintiff Tatkow would not have purchased the Products but for the representations by Defendants about the Products' packages as being full of candy.

136.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitute a deceptive trade practice that is likely to mislead consumers, and therefore an unlawful act, within the meaning of Florida Statutes Section 501.201, *et seq*.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

137.    Defendants, by continuing to lead reasonable consumers to believe that Products' packages are adequately full, are committing an immoral, unethical, and substantially injurious, and therefore unfair, act toward consumers.

138.    Pursuant to Florida Statutes Section 501.211(1), Plaintiff Tatkow seeks declaratory judgment that the above-described wrongful acts violate the Florida Deceptive and Unfair Trade Practices Act. Plaintiff Tatkow also seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order enjoining Defendants from continuing to underfill their Products' packages by one-third to one-half, as set forth above.

## COUNT SIX

### Unfair and Deceptive Act in Violation of the Michigan Consumer Protection Act, Michigan Compiled Laws §§ 445.901, *et seq.*

### (By Plaintiff Maxwell against all Defendants)

139.    Plaintiff Maxwell repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

140.    This cause of action is brought pursuant to Michigan Compiled Laws Section 445.901, *et seq.*, on behalf of Plaintiff Maxwell and the Class consisting of all persons residing in the United States and/or State of Michigan who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

141.    Michigan Compiled Laws Section 445.901 provides that "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful."

142.    Defendants, in their advertising and packaging of the Products, makes false and misleading statements regarding the quality and characteristics of the Products, particularly that their packages are filled with candy product when they are not. Such misrepresentations appear on the label and packaging of the Products,

which are sold at movie theaters and retail locations nationwide, point-of-purchase displays, as well as Defendants' official website and other retailers' advertisements which have adopted Defendants' advertisements.

143.   Defendants' labeling and advertising of the Products led and continue to lead reasonable consumers, including Plaintiff Maxwell, to believe that the Products' packages contain an amount of candy product commensurate with the size of the box.

144.   Defendants do not have any reasonable basis for the claims about the Products made in Defendants' advertising and packaging or label because the Products' packages are underfilled by one-third to one-half.

145.   Defendants knew that the misrepresentations they made and continue to make about the quantity of candy product contained within the Products' packages are false and misleading.

146.   The misrepresentations described herein were intended to increase sales to the consuming public, and violated and continue to violate Sections 445.903(1)(a), 445.903(1)(c), 445.903(1)(e), 445.903(1)(g) of the Michigan Compiled Laws by representing that the Products have characteristics and benefits which they do not have.

147.   Plaintiff Maxwell and the Class have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendants' false representations.

148.   Plaintiff Maxwell would not have purchased the Products but for the representations by Defendants about the Products' packages as being adequately filled with candy product, i.e, commensurate with the size of the box.

149.   Pursuant to Michigan Compiled Laws Section 445.911(1)(a), Plaintiff Maxwell seeks declaratory judgment that the above-described wrongful acts violate the Michigan Consumer Protection Act. Plaintiff Maxwell also seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

practices of Defendants, including, but not limited to, an order enjoining, with the principles of equity, Defendants from continuing to make the representations set forth above that the Products' packages are adequately filled with candy product, i.e., commensurate with the size of the box.

## COUNT SEVEN

### Deceptive and Unfair Act or Practice in Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Compiled Statutes Chapter 815 §§ 505/1, *et seq.*

### (By Plaintiff Debeliso against Defendants)

150.    Plaintiff Debeliso repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

151.    This cause of action is brought pursuant to Illinois Compiled Statutes Chapter 815, Section 505/1, *et seq.*, on behalf of Plaintiff Debeliso and the Class consisting of all persons residing in the United States and/or State of Illinois who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

152.    Illinois Compiled Statutes Chapter 815, Section 505/1 provides that "[u]nfair or deceptive acts or practices . . . in the conduct of any trade or commerce are . . . unlawful whether any person has in fact been misled, deceived or damaged thereby."

153.    Defendants, in their advertising and packaging of the Products, makes false and misleading statements regarding the quality and characteristics of the Products, particularly that the Products' packages are sufficiently filled with candy product when they contain one-third to one-half nonfunctional and unlawful slack-fill.  Such misrepresentations appear on the label and packaging of the Products, which are sold at movie theatre and retail locations nationwide, point-of-purchase displays, as well as Defendants' website and other retailers' advertisements which have adopted Defendants' advertisements.

154.     Defendants fraudulently deceived Plaintiff Debeliso and the Class by representing that the Products have certain characteristics and ingredients which they do not have. In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff Debeliso and the Class, specifically by claiming and advertising that the Products' packages were sufficiently filled with candy when, in fact, they are underfilled by one-third to one-half.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff Debeliso and the Class, and depriving them of their legal rights and money.

155.     Defendants' labeling and advertising of the Products led and continues to lead reasonable consumers, including Plaintiff Debeliso, to believe that the Products' boxes are sufficiently filled with candy, i.e., commensurate with the size of the box.

156.     Defendants do not have any reasonable basis for the claims about the Products made in Defendants' advertising and on Defendants' packaging or label because the Products are underfilled by one-third to one-half.

157.      Plaintiff Debeliso and the Class have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendants' false representations.

158.     Plaintiff Debeliso would not have purchased the Product but for the representations by Defendants about the Products as containing an amount of candy product commensurate with the size of their boxes.

159.     Defendants knew that the misrepresentations it made and continues to make about the amount of candy product contained in its Products' packages are false and misleading.

160.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitute false advertising, a deceptive trade practice, and a misleading business practice within the meaning of Illinois Compiled Statutes Chapter 815, Section 505/1, *et seq.*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

161.    Defendants, by continuing to lead reasonable consumers to believe the Products' packages are sufficiently full of candy product, are committing an immoral and substantially injurious, and therefore unfair, act toward consumers.

162.    Defendants, by selling packages that are underfilled by one-third to one-half are realizing a great financial windfall that is harmful to Plaintiff Debeliso and the Class.

163.    Pursuant to Illinois Compiled Statutes Chapter 815, Section 505/10a(c), Plaintiff Debeliso seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order enjoining Defendants from continuing to make the representations set forth above that the Products' packages are sufficiently full.

## COUNT EIGHT

### Unfair and Deceptive Act or Practice in Violation of the North Carolina Unfair and Deceptive Trade Practices Act,

### North Carolina General Statutes §§ 75-1/1, *et seq.*

### (By Plaintiff Barter against Defendants)

164.    Plaintiff Barter repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

165.    This cause of action is brought pursuant to North Carolina General Statutes Section 75-1.1, *et seq.*, on behalf of Plaintiff Barter and the Class consisting of all persons residing in the United States and/or State of North Carolina who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

166.    North Carolina General Statute Section 75-1.1 provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are . . . unlawful."

167.    Defendants, in their advertising and packaging of the Products, committed a deceptive and unfair act in commerce by making false and misleading

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

statements regarding the quality and characteristics of the Products, particularly that the Products' packages are sufficiently full of candy product when they are not. Such misrepresentations appear on the label and packaging of the Products, which are sold at movie theatres and retail locations stores nationwide, point-of-purchase displays, as well as Defendants' website and other retailers' advertisements which have adopted Defendants' advertisements.

168.    Defendants' labeling and advertising of the Products led and continue to lead reasonable consumers, including Plaintiff Barter, to believe that the Products are full of candy product.

169.    Defendants do not have any reasonable basis for the claims about the Products made in Defendants' advertising and on Defendants' packaging or label because the Products are underfilled by one-third to one-half.

170.    Defendants knew that the misrepresentations it made and continues to make about the Products' quantity are false and misleading.

171.    Defendants, by continuing to lead reasonable consumers to believe the Products' packages are full of candy product, is committing an immoral, unethical, and substantially injurious act toward consumers.

172.    Plaintiff Barter and the Class have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendants' false representations. Defendants have proximately caused this injury in fact.

173.    Plaintiff Barter would not have purchased the Products but for the representations by Defendants that the Products' packages were sufficiently full of candy product.

174.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

175.    All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

176.     As alleged in the preceding paragraphs, the misrepresentations by Defendants of the material facts detailed above constitute an unfair and deceptive act in commerce, and therefore an unlawful act, within the meaning of North Carolina General Statutes Section 75-1.1, *et seq.*

177.     Pursuant to North Carolina General Statutes Section 75-16, Plaintiff Barter seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendants, including, but not limited to, an order enjoining Defendants from continuing to make the representations, set forth above, that the Products' packages are full.

## COUNT NINE

## False, Misleading, and Deceptive Business Practice in Violation of the Texas Deceptive Trade Practices Act,

## Texas Business and Commercial Code §§ 17.41, *et seq.*

### (By Plaintiff Ferguson against Defendants)

178.     Plaintiff Ferguson repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

179.     This cause of action is brought pursuant to Texas Business and Commercial Code Section 17.41, *et seq.*, on behalf of Plaintiff Ferguson and the Class consisting of all persons residing in the United States and/or State of Texas who purchased the Products for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

180.     Texas Business and Commercial Code Section 17.46 provides that "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."

181.     The misrepresentations described herein were intended to increase sales to the consuming public, and violated and continue to violate Sections 17.46(b)(5), 17.46(b)(7), and 17.46(b)(9) of the Texas Business and Commercial Code by

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1   representing that the Products have characteristics, quantities, benefits, and

2   standards which they do not have.

3        182.    Defendants fraudulently deceived Plaintiff Ferguson and the Class. In

4   doing so, Defendants intentionally misled and concealed material facts from

5   Plaintiff Ferguson and the Class, specifically by misrepresenting and advertising

6   that the Products' boxes are sufficiently full of candy product when, in fact, they are

7   underfilled by one-third to one-half. Said misleading statements and concealment

8   were done with the intention of deceiving Plaintiff Ferguson and the Class, and

9   depriving them of their legal rights and money.

10        183.    Defendants' claims about the Products led and continue to lead

11   consumers like Plaintiff Ferguson to reasonably believe that the Products' packages

12   contain a quantity of candy product commensurate with the size of their boxes.

13        184.    Defendants knew or should have known that the Products' packages

14   were underfilled by one-third to one-half with unlawful and nonfunctional slack-fill.

15        185.    Plaintiff Ferguson and the Class have suffered injury in fact as a result

16   of and in reliance upon Defendants' false representations.

17        186.    Plaintiff Ferguson would not have purchased the Products but for the

18   misrepresentations by Defendants about the Products as containing an amount of

19   candy product commensurate with the size of the box.

20        187.    As alleged in the preceding paragraphs, the misrepresentations by

21   Defendants of the material facts detailed above constitute a false, misleading, and

22   deceptive act in commerce, and therefore an unlawful act, within the meaning of

23   Texas Business and Commercial Code Section 17.41, *et seq*.

24        188.    Pursuant to Section 1750(b) of the Texas Business and Commercial

25   Code, Plaintiff Ferguson seeks injunctive relief in the form of an order enjoining the

26   above-described wrongful acts and practices of Defendants, including, but not

27   limited to, an order enjoining Defendants from continuing to make the

28   representations set forth above that the Products' boxes are full of candy product.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT TEN

### Unjust Enrichment

### (By Plaintiffs against Defendants)

189.   Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs, and incorporate the same as if set forth herein at length.

190.   As a result of Defendants' wrongful and deceptive conduct, Plaintiffs and the Class have suffered a detriment while Defendants have received a benefit.

191.   In purchasing the Products, Plaintiffs and the Class conferred a benefit upon Defendants by paying a premium price for the purchase of each Product. Plaintiffs and the Class paid for the Products with the expectation that they would receive packages that were full of candy product, as indicated by the labeling, advertising, and marketing of the Products.

192.   Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs' and the Class' purchases, which retention under these circumstances is unjust and inequitable.

193.   Defendants should not be allowed to retain the profits generated and profits realized from the sale of the Products that were unlawfully marketed, labeled, and promoted.

194.   Allowing Defendants to retain these unjust profits is inequitable and would offend traditional notions of justice and fair play and induce companies to misrepresent key characteristics of their products in order to increase sales.

195.   Because Defendants' retention of the non-gratuitous benefit conferred on it by Plaintiffs and the Class is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class members for its unjust enrichment.

///

///

///

///

COMPLAINT

## COUNT ELEVEN

### Common Law Fraud

### (By Plaintiffs against Defendants)

196.    Plaintiffs repeat and reallege all of the allegations contained in the preceding paragraphs and incorporate the same as if set forth herein at length.

197.    Plaintiffs bring this cause of action individually and on behalf of the members of the Class against Defendants.

198.    Defendants have willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are sufficiently filled with an amount of candy product commensurate with the size of the container.  However, the Products contain one-third to one-half less candy product than required and instead contain a substantial amount of nonfunctional and unlawful slack-fill. Defendants have misrepresented the quantity of candy product contained in the Products.

199.    Defendants' misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making his or her purchase decision), because they relate to the quantity of candy product contained in the Products.

200.    Defendants knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

201.    Defendants intended for Plaintiffs and the Class to rely on these representations, as evidenced by Defendants' intentional manufacturing of packaging that is substantially larger than necessary to hold the volume of the contents contained therein.

202.    Plaintiffs and the Class have reasonably and detrimentally relied on Defendants' misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

203.     Therefore, as a direct and proximate result of Defendants' fraud, Plaintiffs and members of the Class have suffered injury in fact.

## COUNT TWELVE

### Breach of Implied Warranty of Merchantability
### (By Plaintiffs against Defendants)

204.     Plaintiffs repeat and reallege the allegations set forth above and incorporate the same as if set forth herein at length.

205.     Plaintiffs bring this cause of action individually and on behalf of the members of the Class against Defendants.

206.     Defendants, as the designer, manufacturer, marketer, distributor, and seller of the Products, impliedly warranted that the Products contained an adequate amount of candy product for containers of their size.

207.     Defendants breached the warranty implied in the contract for sale of the Products because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the foods were unfit for their intended and ordinary purpose because the Products' packages do not contain an adequate amount of candy for containers of their size. As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

208.     Plaintiffs and Class members purchased the Products in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

209.     The Products were defectively designed and unfit for their intended purpose, and Plaintiffs and the Class did not receive the goods as warranted.

210.     As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiffs and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiffs purchased the Products in reliance upon the claims by Defendants that the Products were of the quality and

quantity represented by Defendants' packaging. Plaintiffs would not have purchased the Products, or would have paid significantly less for the Products, if they had known that the Products' claims and advertising as described herein were false.

## COUNT THIRTEEN

### Intentional Misrepresentation

### (By Plaintiffs against Defendants)

211.    Plaintiffs repeat and reallege all of the allegations contained above and incorporate the same as if set forth herein at length.

212.    Plaintiffs bring this cause of action individually and on behalf of all members of the Class against Defendants.

213.    Defendants have filled and packaged the Products in a manner indicating that the Products are adequately filled with candy product. However, the Products contain one-third to one-half less candy product than requried and instead contain a substantial amount of nonfunctional slack-fill. Defendants misrepresented the quantity of candy product contained within the Products' packaging.

214.    Defendants' misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

215.     At all relevant times when such misrepresentations were made, Defendants knew or should have known that the representations were misleading.

216.    Defendants intended for Plaintiffs and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendants' intentional manufacturing, marketing, and selling of packaging that is significantly larger than is necessary to contain the volume of the contents within them.

217.    Plaintiffs and members of the Class reasonably and justifiably relied on Defendants' intentional misrepresentations when purchasing the Products, and had

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

they known the truth, they would not have purchased the Products or would have purchased them at significantly lower prices.

218.   As a direct and proximate result of Defendants' intentional misrepresentations, Plaintiffs and members of the Class have suffered injury in fact.

### COUNT FOURTEEN

### Negligent Misrepresentation

### (By Plaintiffs against Defendants)

219.   Plaintiffs repeat and reallege all of the allegations contained above and incorporate the same as if set forth herein at length.

220.   Plaintiffs bring this cause of action individually and on behalf of the Class against Defendants.

221.   Defendants have filled and packaged the Products in a manner indicating that the Products are adequately filled with candy product. However, the Products contain one-third to one-half less candy product than required and instead contain a substantial amount of nonfunctional slack-fill. Therefore, Defendants have misrepresented the amount of candy product contained in the Products.

222.   Defendants' misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by the consumer. A reasonably consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

223.   At all relevant times when such misrepresentations were made, Defendants knew or should have known that the Products were not adequately filled with candy but instead contained a substantial amount of nonfunctional slack-fill.

224.    Defendants intended for Plaintiffs and the Class to rely on the size and style of the Products' packaging, as evidence by Defendants' packaging that is significantly larger than is necessary to contain the volume of the candy product therein.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

225.     Plaintiffs and the Class reasonably and justifiably relied on Defendants' negligent misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

226.     Therefore, as a direct and proximate result of Defendants' negligent misrepresentations, Plaintiffs and the Class have suffered injury in fact.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the members of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A.     For an order enjoining Defendants from engaging in the unfair, deceptive, misleading, and fraudulent practices complained of herein;

B.     Damages against Defendants in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

C.     Restitution and/or disgorgement in an amount to be determined at trial;

D.     Punitive damages;

E.     For pre-judgment interest from the date of filing this suit;

F.     Reasonable attorney fees and costs; and

G.     Such other and further relief as the Court may deem necessary or appropriate.

///
///
///
///
///
///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## **NOTICE TO ATTORNEY GENERAL**

A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey within 10 days of filing pursuant to N.J.S.A. §56:8-20.


DATED: May 15, 2020                **SHEPHERD, FINKELMAN,**
                                   **MILLER & SHAH, LLP**

                                   /s/ James C. Shah
                                   James C. Shah, Esq.
                                   475 White Horse Pike
                                   Collingswood, NJ 08107

                                   **CLARKSON LAW FIRM, P.C.**
                                   Ryan J. Clarkson, Esq.
                                   Matthew T. Theriault, Esq.
                                   Bahar Sodaify, Esq.
                                   Zach Chrzan, Esq.
                                   9255 Sunset Blvd., Suite 804
                                   Los Angeles, CA 90069

                                   Attorneys for Plaintiffs